Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDALLA IDDRISU,<br><br>            Petitioner,<br><br>v.<br><br>CHARLES L. GREEN,<br><br>            Respondent. | Civil Action No. 17-447 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Petitioner Abdalla Iddrisu ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey. On January 18, 2017, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal. (D.E. No. 1, Petition ("Pet")). For the reasons stated below, the Court will DISMISS the Petition.

**I.    BACKGROUND**

Petitioner is a native and citizen of Ghana. (D.E. No. 5, Respondent's Answer ("Answer"), Exhibit A, Declaration of Deportation Officer Michael A. Rivera ("Rivera Decl.") ¶ 3). Petitioner applied for admission into the United States on March 10, 2016, at the San Ysidro Port of Entry. (*Id.*). He did not possess valid, legal entry documents, so he was found to be inadmissible into the United States under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (*Id.* at ¶ 5). On March 15, 2016, he was transferred into ICE custody. (*Id.* at ¶ 6).

On March 28, 2016, ICE served Petitioner with a Notice to Appear ("NTA") in immigration court, initiating his removal proceedings. (*Id.* ¶ 7). The NTA charged Petitioner with removability based on his lack of valid entry documents at the time he applied for admission to the United States. (*Id.*). On August 4, 2016, the Immigration Judge sustained the charges against Petitioner, denied his applications for withholding and other related relief, and ordered him removed to Ghana. (*Id.* ¶ 8). Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). (*Id.* ¶ 9). On February 2, 2017, the BIA affirmed the Immigration Judge's decision and dismissed Petitioner's appeal. (*Id.*). On February 17, 2017, Petitioner filed a petition for review of the BIA's dismissal of his appeal with the Third Circuit Court of Appeals, along with a motion for a stay of removal. *Iddrisu v. Attorney General*, No. 17-1416 (3d. Cir. 2017). On April 28, 2017, the Third Circuit denied Petitioner's request for a stay of removal and on June 22, 2017, the Third Circuit dismissed his appeal. (*Id.*).

In his Petition before this Court, which he filed on January 18, 2017, after the immigration judge ordered him removed and before the BIA dismissed his appeal, Petitioner argues that as an "arriving alien" detained under § 1225, his prolonged detention violates his due process rights. (D.E. No. 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

**B. Analysis**

At the outset, the Court must determine under which statute Petitioner is currently detained. It appears that Petitioner was initially detained under 8 U.S.C. § 1225 because he was an arriving alien without valid entry documents. *See* 8 U.S.C. § 1225(b)(2)(A). However, the basis for Petitioner's custody then shifted to 8 U.S.C. § 1231, the post-removal-order statute, on February 2, 2017, when the BIA dismissed his appeal and his removal order became final. *See* 8 C.F.R. § 1241.1(a) ("[a]n order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals").

Title 8, United States Code, Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(2) requires that the alien be detained during the ninety-day post-removal-order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1182 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. United States*, 495 F. App'x 274, 276–77 (3d Cir. 2012) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

4

Here, Petitioner became subject to a final order of removal on February 2, 2017, when the BIA dismissed his appeal, and his presumptively reasonable six month period expired on August 2, 2017. Though the six month presumptively reasonable detention period has now expired, as the Supreme Court emphasized, "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. *Id.*

Petitioner has not made such a showing here. He has provided no indication that his removal is not reasonably foreseeable and does not address this aspect of the *Zadvydas* holding at all. *Id.* ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney Gen. of U.S.*, 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted); *Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) ("Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here."). Moreover, as relevant here, in the Answer, Respondent states that Petitioner has been placed on a travel document interview list with the Consulate of Ghana and the request for the necessary travel documents is proceeding without issue. (Answer 6).

Accordingly, *Zadvydas* requires this Court to dismiss the Petition, as Petitioner has not alleged facts showing that his detention violates the Constitution, laws or treaties of the United

5

States. This dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Petitioner can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

## III. CONCLUSION

For the foregoing reasons, the Petition is dismissed *without prejudice*. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**